### 20807.   JOHNSON *v.* THE STATE.
### 20808.   EPPS *v.* THE STATE.
### 20810.   ALFORD *v.* THE STATE.

ARGUED FEBRUARY 8, 1960—DECIDED APRIL 7, 1960.

*James E. Weldon, Wilson P. Darden, L. M. Wyatt,* for plaintiffs in error.

*Wright Lipford, Solicitor-General, E. W. Fleming, Eugene Cook, Attorney-General, Rubye G. Jackson, Assistant Attorney-General,* contra.

HEAD, Presiding Justice. The defendants were indicted for the offense of rape. They were tried jointly, were convicted, and sentenced to be electrocuted. Each excepts to the denial of his motion for new trial as amended (the grounds being the same in each case). Only the assignments of error made in grounds 8 and 9 of the amended motions require any elaboration.

In ground 8 error is assigned on the following extract from the charge of the court: "Gentlemen, there has been some evidence offered here as to the character of Ara Louise Butler, the defendants insist that she is a woman of bad character, a lewd woman. Well, gentlemen, rape may be committed upon a lewd woman, but you may consider the evidence of Ara Louise Butler as to whether or not she is a lewd woman in passing upon what credibility you may give to her testimony and whether or not she consented to the act. If you believe beyond a reasonable doubt that the crimes of rape were committed upon Ara Louise Butler on the occasion in question, and if it is established beyond a reasonable doubt, then, it would be your duty to convict, notwithstanding the evidence of bad character, should you find that she was a woman of bad character or a lewd woman. Now, you understand, gentlemen, that the State denies the charge of the defense that the female was a lewd woman, and if you find that she was a lewd woman, then that testimony you may consider in the manner that I have instructed you and for the purpose that I have instructed you."

The State's witnesses Bonney Grizzard and Aaron Brooks, on cross-examination, testified to facts which, if believed by the jury, were sufficient to show that the reputation of the prosecutrix as a woman of lewd character was bad. The charge as thus given excluded any consideration by the jury of this testimony in determining whether or not the reputation of the prosecutrix as a woman of lewd character was bad, and confined the jury to a consideration of the testimony of the prosecutrix alone in passing upon this issue.

In *Seals* v. *State,* 114 *Ga.* 518, 520 (40 S. E. 731, 88 Am. St. Rep. 33) it was held: "Independently of the question of the woman's credibility as a witness, the jury may properly consider evidence of her previous bad character for chastity, in determining whether or not she really consented to the sexual intercourse which she testifies was had against her will; and in a case like the present, where practically the only defense relied on was that no force whatever was used, the jury should be accurately instructed to the effect above indicated. The court not only failed to do this, but charged to the contrary; and consequently, as above stated, we have no alternative except to order a new trial." See also *Towns* v. *State,* 149 *Ga.* 613, 616 (101 S. E. 678); *Walker* v. *State,* 151 *Ga.* 341 (106 S. E. 547); *Thompson* v. *State,* 160 *Ga.* 520, 524 (128 S. E. 756); *Byrd* v. *State,* 187 *Ga.* 328, 334 (200 S. E. 671).

The rule stated in *Seals* v. *State,* supra, is peculiarly applicable in the present case, in that the sole defense was that the prosecutrix consented, and that this consent was procured for a monetary consideration. The extract from the charge excepted to in ground 8 was erroneous, misleading, and confusing, and requires the grant of a new trial.

Ground 9 assigns as error the following extract from the charge: "The law says, gentlemen, that a witness may be impeached by disproving the facts testified to by him or her. That is one of the methods of impeaching a witness. Another method of impeaching a witness is that a witness may be impeached by contradictory statements previously made by him or her as to matters relevant to his or her testimony in the case. When thus impeached the witness may be sustained by proof of general good character or by other corroborating evidence to the effect that what was testified to by the witness is true."

It is the general rule that instructions, even though abstractly correct, should not be given unless authorized by the evidence, or in criminal cases by the evidence or by the statement of the defendant; and when such an unauthorized instruction is given, if it should be confusing or misleading to the jury, a new trial will be required. *Reeves* v. *State,* 196 *Ga.* 604, 614 (27 S. E. 2d 375). In the present case the defendants relied upon their statements and did not introduce any testimony. There was no testimony

of good character by any witness to sustain any witness offered by the State. It therefore follows that, while the charge excepted to in this ground was erroneous, it was not harmful to the defendants. See *Hart* v. *State,* 93 *Ga.* 160 (20 S. E. 39); *Kelly* v. *State,* 118 *Ga.* 329 (45 S. E. 413); *Jones* v. *State,* 193 *Ga.* 449 (18 S. E. 2d 844); *Rountree* v. *Todd,* 210 *Ga.* 226, 230 (78 S. E. 2d 499).

*Judgment reversed. All the Justices concur.*