23812.   CANNON v. GRIMES, Sheriff.

NICHOLS, Justice.   James D. Cannon was convicted of burglary and his conviction affirmed by the Court of Appeals in *Cannon v. State,* 113 Ga. App. 701 (149 SE2d 418). Thereafter, he filed a habeas corpus petition in which he alleged that he was denied a commitment hearing thereby voiding all further proceedings in the case. After the hearing on such petition the prisoner was remanded to custody of the sheriff. He now appeals from this judgment. The record shows without dispute that he was shot at the scene of the burglary by the arresting officers and taken directly to the hospital where he remained under the care of physicians until after indictment. In support of his appeal he contends that under the decision of this court in *Manor v. State,* 221 Ga. 866 (148 SE2d 305), the absence of a commitment hearing voided all further proceedings in the case. *Held:*

1. The decision in *Manor v. State,* supra, dealt with a coerced

waiver of a commitment hearing prior to indictment and in no way is applicable to the present case where at all times after capture and before indictment the prisoner was in a hospital under medical care for wounds received when he was apprehended while committing the burglary.

2. While a cross examination of the State's witnesses at a commitment hearing can result in the defense attorney obtaining valuable information which will aid in the trial of the case should the defendant be later brought to trial, it must be remembered that the function of a commitment hearing "is to authorize the keeping in custody of one accused with probable cause of committing a crime, pending determination by the grand jury from evidence presented to it that he should stand trial for the offense." *Blake v. State,* 109 Ga. App. 636, 640 (137 SE2d 49); *Molignaro v. Balkcom,* 221 Ga. 150, 151 (143 SE2d 748).

3. Where the prisoner is indicted before he is incarcerated, or after arrest but while, as in the present case, he is undergoing medical treatment in a hospital until after indictment, no commitment hearing is necessary.

4. The judgment remanding the prisoner to the custody of the sheriff was not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*

ARGUED DECEMBER 14, 1966—DECIDED JANUARY 5, 1967—REHEARING DENIED JANUARY 19, 1967.

*Garland & Garland, Edward T. M. Garland, Reuben A. Garland,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw,* for appellee.

