23889. WHISMAN v. THE STATE.

ARGUED JANUARY 9, 1967—DECIDED FEBRUARY 9, 1967—
REHEARING DENIED FEBRUARY 23, 1967.

*Garland & Garland, Reuben A. Garland, Edward T. M. Garland,* for appellant.

*Earl B. Self, Solicitor General, Bobby Lee Cook,* for appellee.

ALMAND, Presiding Justice. Woodrow Whisman was convicted in Chattooga Superior Court for the murder of Billy Copeland on December 15, 1964, and the order denying his motion for a new trial was affirmed by this court on October 7, 1965. *Whisman v. State,* 221 Ga. 460 (145 SE2d 499). Whisman's appeal to the United States Supreme Court was denied (384 U. S. 895) and upon being resentenced on October 28, 1966, he filed his petition for a writ of habeas corpus seeking his release from the custody of the Sheriff of Chattooga County.

Petitioner asserted that he was arrested under a warrant charging him with the offense of murder and that prior to his indictment for said offense he did not receive a commitment hearing to which he was entitled under *Code Ann.* §§ 27-210 and 27-401. Further, petitioner asserted he did not waive such a hearing, and thereby he was denied his rights of due process of

law under stated provisions of the Federal and State Constitutions and to equal protection of the laws under the 14th Amendment of the Federal Constitution rendering his subsequent conviction null and void.

On the return of the rule, the court after hearing evidence remanded the petitioner to the custody of the respondent sheriff. The appeal assigns error on this order.

The record discloses that: on January 9, 1965, the petitioner was arrested under a warrant, duly issued, charging him with the murder of one Billy Copeland on December 15, 1964, and placed in the custody of the respondent; on January 11, 1965, fifty-seven hours after the respondent took him into custody, the petitioner was indicted for the offense of murder; and from the time of his arrest and throughout his trial, petitioner was represented by legal counsel, selected by him or his family.

The petitioner contends that the provisions of *Code Ann.* § 27-210, as amended by the Act of 1956 (Ga. L. 1956, p. 796) which declares that "Every officer arresting under a warrant shall exercise reasonable diligence in bringing the person arrested before the person authorized to examine, commit or receive bail and in any event to present the person arrested before a committing officer within 72 hours after arrest" were not complied with, and all that transpired thereafter violated his constitutional rights.

This contention is not sustainable. Within 72 hours after his arrest, the petitioner was indicted and is now in the custody of the respondent by virtue of his final conviction and sentence, and not by virtue of a warrant executed for his arrest. In *Johnson v. Plunkett*, 215 Ga. 353 (5) (110 SE2d 745), this court in a habeas corpus proceeding after a final conviction held that "any defect or irregularity in the prior arrest or imprisonment of the petitioner, even if there were such, would in no wise affect the jurisdiction of the court trying him; and the record disclosing that the petitioner has been indicted, tried, convicted, and sentenced for the offense of rape, and that he was being detained by reason of such conviction and sentence, the trial court did not err in remanding petitioner to the custody of respondents, and in denying the writ of habeas corpus." In *John-*

*son v. State,* 215 Ga. 839 (5) (114 SE2d 35), this court held that "it is not the intent and purpose of the Act of 1956 (Ga. L. 1956, p. 796; *Code Ann.* § 27-210) to require a vain or useless act. Where a defendant is indicted in a capital case within 72 hours after his arrest (as appears from the record in the present cases), the incarceration is by reason of the indictment and not the warrant, and the Act of 1956 could have no application, since a committal court would have no jurisdiction to determine whether or not there was probable cause for indictment after the indictment had already been returned." See also *Pennaman v. Walton,* 220 Ga. 295 (138 SE2d 571).

The case of *Manor v. State,* 221 Ga. 866 (148 SE2d 305), relied upon by petitioner is not applicable to the present case. In that case it appeared that the defendant was without the benefit of counsel and that the defendant's purported waiver of a commitment hearing was the result of duress consisting of cruel and inhumane treatment inflicted upon him by those in whose custody he was being held. It also appeared in that case that the defendant was in custody of the officers without a warrant for his arrest.

The court did not err in remanding the petitioner to the custody of the respondent.

*Judgment affirmed. All the Justices concur, except Cook, J., who is disqualified.*