## 26635, 26689. GRIFFIN v. SMITH (two cases).

NICHOLS, Justice. Andrew Griffin filed a petition for a writ of habeas corpus in the Putnam Superior Court. A hearing was held on April 29, 1971, and on this same date a

notice of appeal in the prisoner's name was filed in the office of the clerk. A judgment remanding the prisoner to custody was rendered on May 27, 1971, and a second notice of appeal was filed on June 24, 1971. Each notice of appeal was transmitted to this court separately and was docketed in this court separately.

1. The first notice of appeal was premature but under the decision in *Evans v. Perkins,* 225 Ga. 48 (1) (165 SE2d 652), since the second notice of appeal was timely, the appeal will be considered.

2. Under the decision in *Cash v. Smith,* 226 Ga. 318 (3) (175 SE2d 10), the failure of the trial court to appoint counsel to represent the prisoner in the habeas corpus proceeding was not error.

3. Assuming, but not deciding, that a proper showing was otherwise made so as to require the furnishing of the prisoner a transcript of the original trial, inasmuch as no timely motion for new trial nor any appeal was filed to the conviction of the prisoner in DeKalb Superior Court, the failure to furnish the prisoner with a transcript was not error.

4. The third enumeration of error complains of the admission of evidence on the trial of the case which evidence, if admitted, would not render the conviction void.

5. The fourth enumeration of error complains that the prisoner was denied the right to have more blacks on the jury but the record is silent as to any systematic exclusion of Negroes from the jury and there is no evidence of any objection on the trial of the case. This enumeration of error is without merit. See *Wright v. Smith,* 226 Ga. 527 (175 SE2d 867).

6. The sixth enumeration of error complains that the prisoner's arrest was illegal and the eighth enumeration of error complains that he was illegally held in jail without arraignment. Neither of these grounds represents a valid ground of a petition for writ of habeas corpus. See *Ballard v. Smith,* 225 Ga. 416 (4) (169 SE2d 329).

7. The contention made in the ninth enumeration of error

that the prisoner was not legally represented by counsel is completely refuted by the record and is accordingly without merit.

8. "Separate and distinct offenses of a similar nature, and of the same class or species, may properly be joined in separate counts in the same indictment." *Pippin v. State,* 205 Ga. 316 (2) (53 SE2d 482). Therefore, the contention that the indictment was void on its face because two counts of armed robbery were included in the same indictment is without merit.

9. The remaining enumerations of error relate to matters properly classified as dealing with the sufficiency of the evidence upon the trial which resulted in the prisoner's conviction. The writ of habeas corpus is not an available remedy to review such question. See *Bonner v. Smith,* 226 Ga. 250 (174 SE2d 438), and citations.

10. The trial court did not err in remanding the prisoner to the custody of the warden.

*Appeal dismissed in Case No. 26635. Judgment affirmed in Case No. 26689. All the Justices concur.*

SUBMITTED SEPTEMBER 13, 1971—DECIDED OCTOBER 8, 1971.

Andrew Griffin, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, W. Hensell Harris, Jr., Assistant Attorneys General,* for appellee.