## 46876. HERRING v. THE STATE.

BELL, Chief Judge. The defendant appeals his conviction of larceny of a tractor.

1. The trial court did not err in denying the motion to quash the indictment based on the ground that defendant was denied a committal hearing. The Supreme Court has held that the purpose of a committal hearing is simply to determine whether there is probable cause to believe the accused guilty of the crime charged, and if so, to bind him over for indictment by the grand jury. *Jackson v. State*, 225 Ga. 39, 42 (165 SE2d 711). They have also held that once an indictment has been returned, the necessity for a committal hearing has been eliminated. *Johnson v. Plunkett*, 215 Ga. 353 (3) (110 SE2d 745).

2. The State's evidence showed, inter alia, that a tractor was stolen, and that this stolen tractor was sold by the defendant to another person, in payment for which a check was written out by defendant for the signature of the buyer. This check stated that it was given in payment "for corn."

Over objection of defendant, a witness for the State was permitted to testify that approximately two months prior to the alleged theft of the tractor the witness had purchased another tractor from the defendant, paid the defendant for it by check and the check had written on it that it was given in payment "for corn." As to this transaction it was never shown that the tractor involved was

stolen. Had there been evidence tending to prove that the tractor was stolen, the evidence would have been admissible as showing a collateral transaction relevant to the issue of intent to steal. *Scott v. State,* 46 Ga. App. 213 (167 SE 210); *Sloan v. State,* 115 Ga. App. 852 (156 SE2d 177). However, in absence of that evidence, the challenged testimony was irrelevant and should not have been admitted. Thus it is necessary to determine whether the evidence was harmful. We do not think so. All this evidence shows is that the defendant sold another tractor at an earlier date. If the first tractor was stolen the evidence of the circumstances of its sale was admissible. If not stolen the admission of that evidence, although technically inadmissible, could not have been harmful as the presumption arising from a mere sale similar to the one giving rise to the indictment would have been of innocence, not guilt.

3. (a) Several enumerations address themselves to the general subject of the fruits of a search of defendant's premises where some "bottom plows" were discovered. After the admission of this testimony by the State's witnesses, it later developed that the officer who purportedly made affidavits before a justice of the peace who issued the search warrants involved in this case, was not in fact sworn. The motion to exclude all this evidence was overruled. Later the State moved to withdraw all the testimony concerning the bottom plows. The trial court granted the motion and carefully instructed the jury that they would not consider this evidence for any purpose. The defendant then made a motion for mistrial which was overruled. The refusal to grant a mistrial is a discretionary matter, and the trial court's refusal will not be disturbed unless it is made to appear that a mistrial was necessary to preserve the right of a fair trial. *Worthy v. State,* 184 Ga. 402 (191 SE 457). The trial court's corrective measures were sufficient, and it did not abuse its discretion in denying the motion for a mistrial. *Tye v. State,* 198 Ga. 262 (31 SE2d 471).

(b) The transcript shows that two search warrants were tendered for identification to the witness who made the affidavits for the search warrants and from this witness's examination it was shown that the witness did not in fact give any sworn testimony before the issuing justice of the peace. The transcript clearly shows that the two search warrants referred to as the State's exhibits 18 and 19 were never offered or admitted in evidence and were never permitted to go to the jury. This being the case it cannot be claimed that error was committed because the search warrants contained the averment that the defendant had a reputation as a thief. Likewise, since the evidence of the fruits of the search were withdrawn and the warrants not being in evidence, no error is shown by the trial judge's action in precluding defendant's counsel from arguing to the jury on the subject of the search or the search warrants.

4. All other enumerations of error have either no merit or are deemed abandoned by failure of defendant's brief to support them by citation or argument.

*Judgment affirmed. Eberhardt and Evans, JJ., concur.*
ARGUED JANUARY 31, 1972—DECIDED MARCH 1, 1972—
REHEARING DENIED MARCH 22, 1972.

*Howard, Howard & Hall, William V. Hall, Jr.,* for appellant.

*A. Wallace Cato, District Attorney,* for appellee.