## 27026. BURSTON v. CALDWELL.

UNDERCOFLER, Justice. James Burston filed an application for the writ of habeas corpus against E. B. Caldwell, Warden of the Georgia State Prison. His petition alleges that he was convicted in 1935 of several robberies and sentenced from 3 to 4 years on one, 12 to 20 years on another, and 20 to 30 years on another; that he did not have effective assistance of counsel within the meaning of the Sixth Amendment of the United States Constitu-

tion because he did not see his counsel until he was brought to the courthouse to be tried and only had about a 20 minute talk with him; that he made known to his counsel the existence of several witnesses in his behalf for whom he desired subpoenas and of certain factors he desired investigated; that his counsel did not prepare his case and attempted to get him to plead guilty; that he was not formally arraigned and did not waive such; that he was denied a preliminary hearing; and that the grand and traverse juries were inherently discriminatory because they were selected from the tax receiver's books which were kept on a racially segregated basis. The respondent filed an answer.

The record shows that the petitioner escaped from prison after serving less than two years of his sentences and was on escape some thirty-four years. He started serving his sentence again on February 13, 1971.

The trial court found: "The testimony of the petitioner himself is that he was charged with armed robbery along with two others and that a lawyer did come to the jail to see them and stayed about twenty minutes but he says that the lawyer did not talk to him at all. He further said that he did not see his lawyer again until he got to the courtroom. In his petition, he says that he was found guilty by a jury and the record confirms this. However, in the hearing before this court, he says that, 'When we got upstairs nobody asked me anything and they sentenced me to prison.' He said on cross examination, however, that he pled not guilty to the charges but he could not remember being tried by a jury and that he did not see a jury in the courtroom where he stayed only about 15 minutes. This is in direct conflict with what the record shows since it shows that a jury trial was had by all defendants and that each of them were found guilty by a jury. It would have been a physical impossibility to have even selected a jury in 15 minutes. He did not remember who the solicitor general was in 1935, when he was tried nor the judge and did not know if they were still living

or not. He also did not know the name of his lawyer. He said the reason that he had not filed an earlier habeas corpus petition was that they did not bring him back to Georgia any earlier. Petitioner says on page 24 that he did talk to his lawyer before the trial and that the lawyer asked him if he was with the other boys, and he said, 'Yeah, they got us all for the same thing,' and that he left and talked with the 'other guys' about twenty or thirty minutes. The record shows that this was a joint trial with two other co-defendants. The petitioner further said that his counsel was ineffective in that he told him about some witnesses that he was living with at the time he was arrested which were not subpoenaed. He now says that this is not true and that he never talked to counsel. There are many conflicts between the petition of the petitioner, his testimony, and the record making it impossible for this court to know what the truth of the case is; however, a part of this may be understandable since it has been thirty-four years since his trial. The record, however, shows that he was represented by an attorney or attorneys in his cases."

The trial court remanded him to the custody of the respondent. The exception is to this judgment. *Held:*

1. "Upon the trial of the case there existed a presumption in favor of the conviction or judgment thereof unreversed, and that the decision of the court convicting him was well founded (*Code* § 38-114; *Stanforth v. Balkcom,* 217 Ga. 816 (125 SE2d 505)), and the burden of overcoming this presumption in a habeas corpus proceeding is upon the prisoner. *Gay v. Balkcom,* 219 Ga. 554 (134 SE2d 600); *Dutton v. Parker,* 222 Ga. 532 (150 SE2d 833)." *Dutton v. Morris,* 222 Ga. 595 (1) (151 SE2d 125).

2. The evidence was sufficient to support the trial court's finding that appellant had effective assistance of counsel.

3. The holding of a commitment hearing is not a requisite to a trial for the commission of a felony. *Code* § 27-407

recites that it "is simply to determine whether there is sufficient reason to suspect the guilt of the accused, to require him to appear and answer before the court competent to try him; and whenever such probable cause exists, it is the duty of the court to commit." *Holmes v. State,* 224 Ga. 553 (163 SE2d 803); *Cannon v. Grimes,* 223 Ga. 35 (153 SE2d 445).

4. There is no evidence that appellant was indicted and tried by illegally constituted juries.

5. The indictments show that the petitioner waived formal arraignment.

*Judgment affirmed. All the Justices concur.*

Submitted February 14, 1972—Decided March 9, 1972.

James Burston, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Dorothy T. Beasley, Assistant Attorneys General,* for appellee.