## 47200. SHIELDS v. THE STATE..

QUILLIAN, Judge. The appellant was convicted of manslaughter and a misdemeanor. An appeal was filed and the case is here for review. *Held:*

1. Where a preliminary hearing is held the defendant must be afforded counsel because it is a critical stage of the criminal court process. Coleman v. Alabama, 399 U. S. 1 (90 SC 1999, 26 LE2d 387). However, the defendant is not deprived of any constitutional right if the grand jury issues an indictment against him prior to the holding of a preliminary hearing. *Johnson v. Plunkett,* 215 Ga. 353 (3) (110 SE2d 745); *Johnson v. State,* 215 Ga. 839 (5) (114 SE2d 35); *Cannon v. Grimes,* 223 Ga. 35 (2, 3) (153 SE2d 445); *Henderson v. State,* 225 Ga. 273 (2) (168 SE2d 160). Therefore, it was not error to deny the defendant's motion for a preliminary hearing which was made subsequent to his indictment.

2. The appellant contends that the trial judge erred in instructing the jury: "Now, the law presumes every act which is in itself unlawful was criminally intended until the contrary is made to appear." Under that which was held in *Williams v. State,* 126 Ga. App. 454, the appellant's contention is correct because the charge is contrary to that which is stated in the Criminal Code of Georgia, § 26-605 (*Code Ann.* § 26-605; Ga. L. 1968, pp. 1249, 1269).

3. The remaining enumerations of error are without merit.

   *Judgment reversed. Hall, P. J., and Pannell, J., concur.*

   SUBMITTED MAY 4, 1972—DECIDED JUNE 21, 1972.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, James H. Mobley, Jr., Joel M. Feldman, Richard E. Hicks,* for appellee.