### 47335. JOHNSON v. THE STATE.

CLARK, Judge. Johnson was indicted, convicted and sentenced on January 7, 1969, on four counts of forging a fictitious name to documents with intent to defraud. See *Code Ann.* § 26-3914. With regard to punishment for the respective counts, Johnson received sentences of 7, 2, 2, and 5 years to be served consecutively. Johnson filed a motion for new trial which was amended. This new trial motion as amended was overruled on March 26, 1969. No appeal was taken.

Subsequently Johnson attacked his conviction collaterally by a habeas corpus proceeding in which he made several contentions including one that the sentence was illegal. The Supreme Court of Georgia upheld this contention as to Count 1 stating: "The sentence of 7 years exceeds the maximum provided by statute and is illegal. This will not result in the prisoner's discharge under this sentence, but will require that he be returned to the court where he was sentenced in order that a legal sentence may be imposed upon him." *Johnson v. Smith,* 227 Ga. 611, 614 (182 SE2d 101).

Pursuant to such direction, the issue of punishment for Count 1 was resubmitted to a jury on August 12, 1971. The jury set punishment at two years with a recommendation of misdemeanor punishment. The trial court declined to accept the recommendation and sentenced the defendant to two years on Count 1 computed from January 7, 1969, with entitlement thereon for any time served in jail prior to January 7, 1969. The present appeal was taken from the resentencing proceeding.

The issue is clearly limited to the question of punishment. The sentence was not only within the range prescribed by statute (not less than two years nor more than five years) but was set by the jury at the statutory minimum, that being two years.

Although the jury made a recommendation for punishment as a misdemeanor, the trial court in the exercise of its discretion granted by our statute declined to accept such recommendation. A provision authorizing juries to recommend misdemeanor punishment for certain felonies was first enacted in 1895 (Ga. L. 1895, p. 63). As is stated in *Harris v. State of Ga.,* 216 Ga. 740 (119 SE2d 352), "It has been the rule since the passage of the act of 1895 that it is in the 'discretion of the trial judge whether he will approve such recommendation, and his action in the matter is final.' *Guthrie v. State,* 125 Ga. 291 (1) (54 SE 180); *Johnson v. State,* 100 Ga. 78 (25 SE 940); *Taylor v. State,* 110 Ga. 150 (35 SE 161); *Daniel v. State,* 118 Ga. 16 (43 SE 861); *Oliver v. Lowry,* 173 Ga. 892 (161 SE 828)."

Accordingly in the instance of the present appeal the trial judge exercised a legal discretion declining the recommendation and his action in that respect was final.

We find no error.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*

SUBMITTED JULY 7, 1972—DECIDED JULY 12, 1972—
REHEARING DENIED JULY 21, 1972.

James L. Johnson, *pro se.*

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Morris H. Rosenberg,* for appellee.

ON MOTION FOR REHEARING.

Acting without counsel appellant has now filed a belated brief which this court has undertaken to treat as being in the nature of a motion for rehearing so that his contentions may receive full consideration. It should be noted a competent attorney's services were offered to him at each stage of the proceedings. These included the original trial of Janu-

ary 7, 1969, resulting in his conviction, the new trial motion filed February 5, 1969 (R., p. 20) and amended March 11, 1969 (R., pp. 23 to 27), the re-sentencing trial held August 12, 1971 (Transcript), and the instant appeal from the re-sentence. In addition to representing himself in this appeal after the court-appointed attorney had passed upon its merits and had been permitted to withdraw, defendant personally filed a mandamus action in the Federal District Court which was denied December 10, 1970 (R., p. 30), a similar mandamus suit in Fulton County Superior Court which was denied May 17, 1971 (R., p. 32), a habeas corpus action brought in Tattnall County Superior Court on October 14, 1970, and the appeal therefrom to the Supreme Court of Georgia reported as *Johnson v. Smith,* 227 Ga. 611 (182 SE2d 101). He also filed a mandamus writ in the Fulton Superior Court which was denied February 9, 1972 (R., pp. 45 to 50).

From the Supreme Court report it appears there was no review of the adverse ruling on the new trial motion because defendant was at that time an escapee. Thus by his own action he prevented his counsel from taking an appeal wherein some of the points raised in the instant appeal would have been passed on. See *Gravitt v. State,* 221 Ga. 812 (147 SE2d 447) and *Blalock v. Corpe,* 215 Ga. 61 (108 SE2d 715) holding that in the event of an escape the appeal becomes moot.

The appointed attorney in the instant appeal filed a written motion (R., p. 59) certifying he had read the transcript and record and concluded he could not find "any arguable errors" in the re-sentencing trial and that if any occurred, they "must be considered harmless since the minimum sentence was imposed." After the trial court granted the attorney's withdrawal request on March 1, 1972, this appeal was taken by appellant in person. Our original opinion written after our review of the record and transcript of the trial had led us to the same conclusion as appointed counsel.

Prior to enactment of the statute entitled "Criminal Procedure—Pre-Sentence Hearing in Felony Cases" (Ga. L.

1970, pp. 949, 950; *Code Ann.* § 27-2534), the propriety of limiting a retrial to the sole issue of punishment had been upheld. *Lingo v. State,* 226 Ga. 496 (1) (175 SE2d 657) and citations. In *Todd v. State,* 228 Ga. 746 (187 SE2d 831) our Supreme Court ruled that the procedures for hearing and imposition of sentence in felony cases under the 1970 Act applied to a trial for a crime committed prior to its effective date, which was followed by our court in *Lawrence v. State,* 125 Ga. App. 709 (188 SE2d 925). Accordingly, the procedure followed in the instant case was correct.

Appellant alleges a number of alleged errors to have occurred in the original trial of January 7, 1969, but this court cannot legally consider these as we are limited under our bifurcated procedure to the re-sentencing trial of August 12, 1971. The Supreme Court in *Dudley v. State,* 228 Ga. 551, 561 (186 SE2d 875) explained the nature of the pre-sentence hearing in this language: "The issue to be decided at the pre-sentence hearing calls for different evidence from that on the trial which determines guilt or innocence. On the issue of guilt or innocence the only relevant evidence is that pertaining to the particular offense with which the defendant is charged. In a pre-sentence hearing the jury must make a determination as to the sentence to be imposed, taking into consideration the past criminal record, or lack of criminal record, of the defendant, and his general moral character. See 21 AmJur2d 548, Criminal Law, § 585."

Appellant argues that the trial court here erred in charging the jury that it was to consider the imposition of sentence under the provisions of *Code Ann.* § 26-3914 which provided for punishment "for not less than two years nor more than five years" when he should have charged that under Section 26-1702 of the new Criminal Code of Georgia the same offense carries a penalty of "not less than one nor more than five years." This contention is without merit as the offenses committed by him and the original trial occurred prior to July 1, 1969, the effective date of the new Criminal Code. The original indictment contained four

counts averring violation of *Code Ann.* § 26-3914 and defendant was subject to sentence under the provisions of that former law.

Appellant enumerates as error that he was never given a preliminary hearing. This is apparently based on the holding by the United States Supreme Court in Coleman v. Alabama, 399 U. S. 1 (90 SC 1999, 26 LE2d 387). That decision was rendered June 22, 1970. Thereafter, in March of this year, the United States Supreme Court ruled in Adams v. Illinois, 405 U. S. 278 (92 SC 916, 31 LE2d 202), that the Coleman ruling was not retroactive. Therefore, it would not apply to the appellant's trial and conviction of January 7, 1969.

It should also be noted that since the rendition of Coleman v. Alabama, supra, the Supreme Court of Georgia ruled in *Smith v. Brown,* 228 Ga. 584 (187 SE2d 142) that "The holding of a commitment hearing is not a requisite to a trial for the commission of a felony. *Code* § 27-307 recites that it 'is simply to determine whether there is sufficient reason to suspect the guilt of the accused, to require him to appear and answer before the court competent to try him; and whenever such probable cause exists, it is the duty of the court to commit.' *Holmes v. State,* 224 Ga. 553 (163 SE2d 803); *Cannon v. Grimes,* 223 Ga. 35 (153 SE2d 445)," and in *Cline v. Smith,* 229 Ga. 190 (190 SE2d 51), that the absence of a commitment hearing does not divest the criminal court of jurisdiction.

Our court in *Shields v. State,* 126 Ga. App. 544, ruled that it was not error to deny defendant's motion for preliminary hearing which was made subsequent to the indictment. Judge Quillian's opinion points out that "Where a preliminary hearing is held the defendant must be afforded counsel because it is a critical stage of the criminal court process. Coleman v. Alabama, 399 U. S. 1 (90 SC 1999, 26 LE2d 387). However, the defendant is not deprived of any constitutional right if the grand jury issues an indictment against him prior to the holding of a preliminary hearing. *Johnson v. Plunkett,* 215 Ga. 353 (3) (110 SE2d 745); *John-*

*son v. State,* 215 Ga. 839 (5) (114 SE2d 35); *Cannon v. Grimes,* 223 Ga. 35 (2, 3) (153 SE2d 445); *Henderson v. State,* 225 Ga. 273 (2) (168 SE2d 160)." See also *Herring v. State,* 125 Ga. App. 770 (189 SE2d 132).

Defendant's principal complaint is that he received four sentences because of the multi-count indictment when his crime consisted of only one transaction. He argues there was only one account opened with W. T. Grant Co. so that each signature of the fictitious name to contracts was in effect only an "add-on" to the original account. In *Patterson v. Caldwell,* 229 Ga. 321, a habeas corpus case, the Supreme Court of Georgia decided adversely to such contention where the accused had been convicted on a five-count indictment of possession of five forged checks which were all signed with the same name and same bank with the trial court having sentenced the defendant to five years on the first count and to two years on each of the other four. Our Supreme Court upheld the legality of the sentence, citing in support *Code Ann.* § 27-2510, *Bulfin v. State,* 38 Ga. App. 358 (144 SE 15), *Murphy v. Lowry,* 178 Ga. 138 (172 SE 457), and *Strauss v. Stynchcombe,* 224 Ga. 859, 868 (165 SE2d 302).

*Rehearing denied. Eberhardt, P. J., Deen and Clark, JJ., concur.*