## 27387. THRASH v. CALDWELL.

MOBLEY, Chief Justice. This appeal is from the judgment of the trial court in a habeas corpus proceeding dismissing the appellant's petition for writ of habeas corpus for failure to state a claim upon which relief can be granted.

1. The first enumerated error, complaining that he was denied a preliminary hearing or commitment hearing, is not a valid ground of a petition for writ of habeas corpus. This in no way affects the legality of his present detention. *Ballard v. Smith*, 225 Ga. 416 (4) (169 SE2d 329); *Griffin v. Smith*, 228 Ga. 177 (6) (184 SE2d 459). Furthermore, since the purpose of the commitment hearing is to determine whether there is probable cause to hold the accused for trial (*Code* § 27-407), the subsequent indictment, trial, and conviction of the accused render the omission harmless.

2. Enumerated errors 2, 3, and 4, alleging failure of the judge to charge on voluntary and involuntary manslaughter, failure of the indictment to state the essential element of intent, and failure to prove intent beyond a reasonable doubt, are not meritorious for the reason that the writ of habeas corpus is never a substitute for a review to correct errors of law, nor can it be used as a second appeal for such purpose. It is an appropriate remedy only when the judgment is absolutely void. *Brooks v. Ault*, 228 Ga. 863 (188 SE2d 799), and cits.

3. The fifth enumeration of error alleges that he was denied effective assistance of counsel. The trial judge held that the specific charges made against counsel, that he failed to request instructions on voluntary and involuntary manslaughter, and failed to argue these theories to the jury, were insufficient to show incompetence of counsel, and determined that the petition did not state a claim upon which relief could be granted.

There is a general allegation in the petition that his counsel "showed incompetent when he fail to represent petitioner as required by due process of law," and under the

liberal rules of pleading in habeas corpus cases this was sufficient to constitute a ground of habeas corpus. The trial judge erred, therefore, in dismissing the petition without a hearing on this ground. The case is remanded for a hearing as to the alleged incompetence of the appellant's counsel.

*Judgment reversed. All the Justices concur.*
SUBMITTED SEPTEMBER 11, 1972—DECIDED OCTOBER 5, 1972.

Joseph Thrash, *pro se.*
Arthur K. Bolton, *Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, David L. G. King, Jr., Assistant Attorneys General,* for appellee.

