## 27452. ATKINS v. MARTIN.

HAWES, Justice. Appellant is serving a sentence of five years imposed upon him after his conviction of the offense of armed robbery. The judge of the superior court dismissed his petition for habeas corpus on the ground that it failed to state a claim upon which relief could be granted, and he appeals.

1. A writ of habeas corpus is never a substitute for appellate review to correct mere errors of law. Its function is to attack a void judgment. *Sims v. Balkcom,* 220 Ga. 7, 9 (136 SE2d 766). Therefore, appellant's contention that he was not guilty of the offense with which he was charged seeks to raise the issue as to whether the trial court was authorized from the evidence presented to find him guilty. It presents no ground for a writ of habeas corpus.

2. The ultimate question in any habeas corpus case is, were the petitioner's rights violated in the trial and sentence? The imprisonment in question is present detention, and not some prior detention, unless it can be said that such prior detention in some way infected or rendered illegal the present detention. Accordingly, "Any defect or irregularity in the prior arrest or imprisonment of the petitioner, even if there were such, would in no wise affect the jurisdiction of the court trying him; . . ." *Johnson v. Plunkett,* 215 Ga. 353 (5) (110 SE2d 745); *Ballard v. Smith,* 225 Ga. 416 (4) (169 SE2d 329). Also, a failure to advise an accused of his rights, which failure does not

produce a confession or other incriminating evidence which is used against him on the trial, constitutes no ground for setting aside the conviction on habeas corpus. *Trull v. Smith,* 226 Ga. 665 (6a) (177 SE2d 73). Under the foregoing authorities, the contention that the petitioner was never advised of his "Miranda rights" and that he was never given a hearing prior to the trial so as to be advised of the charges against him presents no ground for a writ of habeas corpus.

3. The failure of the petitioner to raise any question as to the make-up of the jury until after verdict constitutes a waiver of any contention as to the legality of the same. *Moore v. Dutton,* 223 Ga. 585 (1a) (157 SE2d 267). Furthermore, the contention of the petitioner that he was tried by an all-white jury fails to show that such a jury was selected from an illegal panel. This contention of the petitioner was without merit and showed no ground for the issuance of a writ of habeas corpus.

4. The fact that the petitioner was placed in a line-up on three separate occasions at which witnesses failed to identify him does not constitute putting him in jeopardy. This contention shows no ground for habeas corpus.

5. According to the allegations of the complaint, appellant was tried at the first term after the indictment was returned. Under these circumstances, even if the complaint that he was denied a speedy trial should constitute grounds for his discharge upon a writ of habeas corpus, his allegations fail to show that he was not given a speedy trial.

6. In view of the foregoing rulings, the trial court did not err in sustaining the motion of the respondent to dismiss the complaint.

*Judgment affirmed. All the Justice concur.*

Submitted September 12, 1972—Decided December 4, 1972.

John Henry Atkins, *pro se.*