27696. HERRING v. AULT.

SUBMITTED FEBRUARY 12, 1973 — DECIDED APRIL 13, 1973.

*James C. Bonner, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, David J. Bailey, Larry Evans,* for appellee.

MOBLEY, Chief Justice. R. L. Herring brought his post-conviction habeas corpus petition, alleging that his confinement under sentence of five years for larceny of a tractor was void because it was entered in violation of his constitutional rights to be secure against unreasonable searches and seizures, and to have a speedy trial.

The respondent filed a motion for summary judgment as to the first contention and a motion to dismiss as to the second contention. These motions were granted, and the petitioner remanded to the custody of the respondent. He appeals from this judgment.

■ The appellant contends that his constitutional rights were violated because of the introduction of evidence obtained by illegal search warrants, which evidence was withdrawn by the state after it developed on the trial that the officer who purportedly made the affidavits was not sworn.

On the appeal from the appellant's conviction the Court of Appeals ruled on the failure to grant a mistrial because of this evidence. *Herring v. State,* 125 Ga. App. 770 (3) (189 SE2d 132). The Court of Appeals has the authority and duty to apply unambiguous provisions of the State and Federal Constitutions, and decisions of the Supreme Court of the United States, to the facts of a particular case.

Since the questions raised in the habeas corpus petition in regard to evidence obtained by the illegal search warrants had been adjudicated by the Court of Appeals, the habeas corpus court did not err in granting summary judgment to the respondent as to this issue. *Bonner v. Smith,* 226 Ga. 250 (3) (174 SE2d 438).

■ The second question made by the appellant is whether the guaranties of the State and Federal Constitutions that the accused in a criminal prosecution shall enjoy the right to a speedy trial (Constitution of the United States, Sixth Amendment, Code § 1-806; Constitution of Georgia, Art. I, Sec. I, Par. V, Code Ann.

§ 2-105), apply to the action of the trial judge in ruling on the motion for new trial of the accused after conviction.

The habeas corpus judge held that no constitutional rights of the appellant were denied by the trial judge failing to rule promptly on his motion for new trial. He refused an evidentiary hearing as to this issue; and granted the motion of the respondent to dismiss as to this portion of the petition.

The petition for habeas corpus alleged that: The appellant was convicted in Mitchell County on April 29, 1969. He filed a motion for new trial and was released on bond. The transcript was filed in August, 1969. The court delayed ruling upon the motion for new trial until October 25, 1971. In the meantime the appellant had been convicted of a separate offense in Dooly County and had fully completed service of the sentence imposed therein.

The appellant argues that the delay in ruling on his motion for new trial, during which time he served a sentence imposed in Dooly County, deprived him of any opportunity to serve the sentences concurrently. Code § 27-2510 (as amended by Ga. L. 1956, pp. 161, 168; Ga. L. 1964, p. 494) provides that where a person is convicted and sentenced in different courts, the sentences will be served concurrently, unless otherwise expressly provided therein.

The record does not contain any copy of the Dooly County sentence. If that sentence did not expressly state that it would be served consecutively to the sentence already imposed in Mitchell County, the three years served on the Dooly County sentence must be credited on the Mitchell County sentence, under Code Ann. § 27-2510, and no right to have the sentences run concurrently will be denied the appellant because of the delay of the Mitchell County court in ruling on his motion for new trial.

If the Dooly County sentence expressly stated that it

would run consecutively to the Mitchell County sentence, the delay in ruling on the motion for new trial could have no effect on this.

In neither event does the delay in ruling on his motion for new trial deprive him of the opportunity to serve the sentences concurrently.

The sentence the appellant is serving was entered in 1969 and was for five years. No allegation of the habeas corpus petition shows that he has completed service of that sentence, even if the time served under the Dooly County sentence is credited on it.

The habeas corpus court did not err in dismissing that portion of the petition which asserted that the delay in ruling on the motion for new trial denied him the constitutional right of a speedy trial.

It was not error to remand the appellant to the custody of the respondent.

*Judgment affirmed. All the Justices concur.*