## 28010. JONES v. CALDWELL.

NICHOLS, Justice. This is an appeal from a judgment remanding a prisoner to custody in a habeas corpus case. The prisoner's original death sentence was

reduced to a life sentence after a direct appeal from the conviction. See *Jones v. State,* 224 Ga. 283 (161 SE2d 302); s.c. 224 Ga. 782 (164 SE2d 831). *Held:*

1. Under decisions exemplified by *Thrash v. Caldwell,* 229 Ga. 585 (193 SE2d 605), the trial court did not err in refusing to uphold the prisoner's contentions that his sentence was void because he was denied a commitment hearing or because the jury was not instructed as to voluntary and involuntary manslaughter on the original trial.

2. The defendant was indicted on May 17, 1967, by the Fulton County Grand Jury. The law with reference to the selection of grand and traverse jurors at that time required that such jurors be selected first from the official registered voters' list which was used in the last preceding general election. See Ga. L. 1967, p. 251 (Code Ann. § 59-106), which Act was approved by the Governor on March 30, 1967 and effective on such date. See Code § 102-105. As to Acts of the General Assembly approved after January 1, 1969, see the Act of 1968 (Ga. L. 1968, p. 1364; Code Ann. § 102-111). There was no evidence that either the grand jury, which indicted the prisoner, or the traverse jury, which convicted him, was not selected in accordance with the provisions of such Act and the cases cited by the prisoner dealing with the selection of jurors from segregated tax digests are not applicable.

3. The trial court did not err in refusing to appoint counsel to represent the prisoner in the habeas corpus hearing. See *Wyatt v. Caldwell,* 229 Ga. 597 (2) (193 SE2d 607).

4. Nor did the trial court err in refusing to subpoena witnesses and records more than 150 miles away. Ga. L. 1966, p. 502 as amended (Code Ann. § 38-801 (e)).

5. The judgment remanding the prisoner to custody shows no reversible error.

*Judgment affirmed. All the Justices concur, except*

*Gunter, J., who dissents.*
SUBMITTED JUNE 15, 1973 — DECIDED JULY 2, 1973.

Jesse Leon Jones, *pro se.*
*Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, David L. G. King, Jr., Assistant Attorneys General,* for appellee.