## 28333. ALLEN v. CALDWELL.

PER CURIAM. The appellant was charged with two cases of rape, one allegedly occurring on December 17, 1970, and the other on January 20, 1971, under warrants óbtained on March 1, 1971. He was subsequently indicted by the grand jury and then tried for the two offenses in Elbert Superior Court on March 10, 1971. The jury found him guilty in both cases and he was sentenced to life imprisonment in each case. A direct appeal to this court resulted in an affirmance of the conviction and sentences. *Allen v. State,* 228 Ga. 859 (188 SE2d 793). Appellant thereafter filed a petition in the Superior Court of Tattnall County seeking habeas corpus relief, in which he claimed he was denied a preliminary (commitment) hearing; convicted on the uncorroborated testimony of the victim; prosecuted by the husband of the victim; and denied the effective assistance of counsel. The trial court found against the appellant and remanded him to the custody of the warden (appellee). This finding by the trial court is appealed for review. *Held:*

1. The claim of denial of ". . . a preliminary hearing or commitment hearing, is not a valid ground of a petition for writ of habeas corpus. This in no way affects the legality of his present detention. *Ballard v. Smith,* 225 Ga. 416 (4) (169 SE2d 329); *Griffin v. Smith,* 228 Ga. 177 (6) (184 SE2d 459). Furthermore, since the commitment hearing is to determine whether there is probable cause to hold the accused for trial (Code § 27-407), the subsequent indictment, trial, and conviction of the accused rendered the omission harmless." *Thrash v. Caldwell,* 229 Ga. 585 (193 SE2d 605). No error is shown in this enumeration.

2. Habeas corpus may not be used for another adjudication of the question of guilt or innocence. *Johnson v. Smith,* 227 Ga. 611, 614 (182 SE2d 101). This court has previously passed on the sufficiency of the evidence to support the verdict of the jury finding appellant guilty of these crimes. *Allen v. State,* supra. Therefore, this enumeration of error is also without merit.

3. The appellant's contention that his conviction is invalid because he was prosecuted by the victim's husband is erroneous. The transcript of the criminal trial was introduced into evidence at the habeas corpus hearing. It shows that the husband of the victim was present during the commission of both rapes and testified at the trial in addition to the victim. No error appears here.

4. The appellant also contends he was denied effective assistance of counsel at his trial. However, the habeas corpus trial court had before it, as noted above, the record of the criminal trial as well as other pertinent records from the Superior Court of Elbert County where appellant was tried. The order of the habeas corpus court provides that: "During his representation of petitioner, . . . (the defense counsel) spent in excess of 36 hours including trial work and research. . . . [He] formulated defense of the charges, making, with the approval of petitioner, tactical decisions such as standing on the defense of consent rather than alibi." The trial court concluded that "Petitioner was fully and ably represented by his appointed counsel, . . . " These findings are fully supported by the record. "The trial judge in a habeas corpus proceeding is the trior of the facts, and his findings, if supported by any evidence, will not be disturbed." *Laidler v. Smith,* 227 Ga. 759 (3) (182 SE2d 891).

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who dissent from Division 1 of the opinion and from the judgment of affirmance.*

Submitted October 10, 1973 — Decided November 9, 1973.

Luther Henry Allen, *pro se.*

Arthur K. Bolton, *Attorney General, Courtney Wilder Stanton, Assistant Attorney General, B. Dean Grindle, Jr., Deputy Assistant Attorney General,* for appellee.

Ingram, Justice, dissenting. The record in this case discloses that the habeas corpus trial court made no finding of fact or conclusion of law with respect to appellant's contention that he was denied a commitment hearing. The case began with the procurement of warrants for appellant taken by the alleged victim's husband several months after the commission of the crimes. The appellant ultimately received two life sentences on a conviction resting on what I consider was rather weak evidence in a rape case. The sufficiency of the evidence has been finally adjudicated by the prior criminal appeal to this court, and I accept it. The character and weight of the evidence is mentioned only because it emphasizes how important a commitment hearing may have been in this case to the conduct of the defense at the subsequent trial.

For the reasons set forth in my dissent in *Phillips v. Stynchcombe,* 231 Ga. 430, dealing with the same basic issues here involved, I also respectfully dissent to Division 1 of the court's opinion in this case and the judgment of affirmance. I would

reverse the judgment below with direction to conduct another hearing to determine if the appellant were denied a commitment hearing, and, if so, whether such denial prejudiced his defense at the subsequent trial.