## 28427. WYNN v. CALDWELL.

JORDAN, Justice. Ulious Wynn appeals an order of the Tattnall County Superior Court dated August 28, 1973, denying his application for writ of habeas corpus and remanding him to the custody of the respondent.

The appellant was convicted on burglary charges by a jury in the Newton County Superior Court on June 7, 1972, and sentenced to 20 years imprisonment. The appellant alleged in his petition, among other things, that certain evidence introduced at his trial was seized in violation of his Fourth Amendment rights; that he received inadequate assistance from his court-appointed counsel before, during, and after his trial; and that he was denied a commitment hearing prior to indictment by the Newton County Grand Jury. *Held:*

1. We find no merit in these contentions and therefore affirm the judgment of the trial court. The appellant was arrested on the morning of January 5, 1972, after a high speed police chase subsequent to a minor traffic violation. When the sheriff entered the appellant's vehicle in order to drive it to the jail, he noticed several items in both the front and back seats of appellant's car. Among these items were a TV, a stereo, clothes, Christmas packages, and a name plate bearing the name of Wiley Algood, Jr.

Upon reaching the jail the sheriff ordered an immediate investigation of the Algood home in order to determine whether there had in fact been a burglary. The investigation of the Algood home was carried out by a deputy sheriff accompanied by the father of the homeowner. The results of the investigation indicated that the dwelling had been burglarized. The father of the homeowner identified those goods found in appellant's possession as belonging to his son. Subsequent to the

identification, both the suspect and the vehicle were returned to the Newton County Jail. At that time, and at that time only, were those objects found in appellant's car removed. While removing the goods from the vehicle the police discovered a screwdriver, later referred to at the trial as possibly being the tool used to gain entry to the Algood home. The appellant complains that the screwdriver entered into evidence and testimony concerning the other objects found in his vehicle, constituted a violation of his Fourth Amendment rights in that they were seized by the police officers without an arrest or a search warrant. In our opinion the circumstances taken in their totality, including the high speed chase, the presence of the TV and the stereo inside a car, the Christmas packages, and the name plate, constitute sufficient probable cause to warrant a search. See Chambers v. Maroney, 399 U. S. 42 (90 SC 1975, 26 LE2d 419). In addition to this it appears from the record that all the objects seized were in plain view of the officers and as such would come under the plain view doctrine. See Ker v. California, 374 U. S. 23 (83 SC 1623, 10 LE2d 726), and *Anderson v. State,* 123 Ga. App. 57 (179 SE2d 286).

2. Appellant also contends that his appointed counsel rendered ineffective representation both before, during, and after trial. It appears from the record that the appointed counsel for petitioner interviewed him more than once before the trial, made a motion to sever, adequately cross examined all the state's witnesses, and informed appellant of his right to a post-conviction appeal. The only question in our mind concerning the adequacy of counsel would center upon appointed counsel's failure to examine any of the jurors on voir dire. However, it appears in the record of the habeas corpus hearing that appellant's counsel had been present all week long and was familiar with the jurors available and made a conscious decision, concurred in by appellant, that the first twelve would be just as suitable as any of the others. We held in *Estes v. Perkins,* 225 Ga. 268 (1) (167 SE2d 588) that "While another lawyer or other lawyers, had they represented the petitioner upon her trial, might have conducted her defense in a different manner, and might have exercised different judgments with respect to the matters referred to in her petition, the fact that her attorneys chose to try the petitioner's case in the manner in which it was tried and made certain decisions as to the conduct of her defense with which she and her presently employed attorneys now disagree, does not require a finding that their representation of the petitioner was so inadequate as to

amount to a denial to her of the effective assistance of counsel." The petitioner's claim of ineffective assistance of counsel is without merit.

3. The appellant also claims that he was denied the right to a commitment hearing prior to his indictment by the Newton County Grand Jury. This court has held on numerous occasions that after indictment and subsequent conviction the lack of a commitment hearing will not be construed as reversible error. See *Phillips v. Stynchcombe,* 231 Ga. 430 (202 SE2d 26); *Thrash v. Caldwell,* 229 Ga. 585 (193 SE2d 605); *Griffin v. Smith,* 228 Ga. 177 (184 SE2d 459).

4. We have reviewed the appellant's other enumerations of error and find them to be without merit.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who concur specially.*

SUBMITTED NOVEMBER 16, 1973 — DECIDED FEBRUARY 20, 1974.

Ulious Ralph Wynn, *pro se.*

*Arthur K. Bolton, Attorney General,* for appellee.

GUNTER, Justice, concurring specially. I concur in the judgment of affirmance but not with all that is said in the majority opinion.

Division 3 of the majority opinion holds that the failure to accord a defendant a commitment hearing will not, after indictment and conviction, be construed as reversible error. It is my position that if an accused sought a commitment hearing, was denied a commitment hearing, and did not waive a commitment hearing, then his conviction is erroneous and can be set aside because of failure on the part of the state to accord him procedural due process of law. See my dissenting opinion in *Phillips v. Stynchcombe,* 231 Ga. 430 (202 SE2d 26).

Having examined the record in the convicting court in this case I am satisfied that there was a knowing and voluntary waiver of a commitment hearing, by appellant and his attorney.

I am authorized to state that Justice Ingram concurs in this concurrence.