## 49637. DOUGLAS v. THE STATE.

WEBB, Judge.

Defendant was indicted for murder and convicted of voluntary manslaughter. He appealed from the judgment of conviction and sentence to the Supreme Court, which transferred the appeal here.

Defendant stabbed George Bennett to death on September 24, 1973, and immediately surrendered to the police. He was transferred to the county jail and advised of his rights before the judge in the courtroom, and employed counsel of his own choice. He was indicted for murder on October 15, and the case was scheduled for trial at the jury term in October. However, defendant's counsel did not appear because of illness, and the case was continued and subsequently tried in March, which was the next jury term. After the state and defense had closed, defendant moved to dismiss the indictment on the ground that he had not been given a commitment hearing.

During the colloquy which followed the district attorney stated that a commitment hearing had been offered to defendant before counsel was employed. However, counsel stated that defendant had told her he had not been offered a hearing; that she was aware that defendant had a right to the hearing; that she knew that she was entitled to demand one on his behalf; but that she had not done so because she did not consider that the burden was upon her to request a hearing. The trial court overruled the motion to dismiss the indictment, of which defendant complains in the first enumeration of error. *Held:*

1. "Any defect or irregularity in the prior arrest or imprisonment of the petitioner, even if there were such, would in no wise affect the jurisdiction of the court trying him." *Johnson v. Plunkett,* 215 Ga. 353, 355 (5) (110 SE2d 745). "Two grounds involve the absence of a commitment hearing for the appellant. (a) One is that the trial court erroneously denied the appellant's motion to stay the trial because there was no preliminary commitment hearing and no effective waiver thereof, in violation of

the Sixth and Fourteenth Amendments to the Federal Constitution. This contention is not meritorious. The holding of a commitment hearing is not a requisite to a trial for commission of a felony." *Holmes v. State,* 224 Ga. 553, 556 (2) (163 SE2d 803). "Error is assigned only on: . . . (b) in forcing the defendant to trial without first allowing him the opportunity of having a commitment hearing. Held: . . . 2. Under prior decisions there is no merit in the defendant's contention that he was denied any of his constitutional rights because he was not given a commitment hearing." *Henderson v. State,* 225 Ga. 273, 274 (168 SE2d 160). "[T]he defendant is not deprived of any constitutional right if the grand jury issues an indictment against him prior to the holding of a preliminary hearing. *Johnson v. Plunkett,* 215 Ga. 353 (3) (110 SE2d 745); *Johnson v. State,* 215 Ga. 839 (5) (114 SE2d 35); *Cannon v. Grimes,* 223 Ga. 35 (2, 3) (153 SE2d 445); *Henderson v. State,* 225 Ga. 273 (2) (168 SE2d 160)." *Shields v. State,* 126 Ga. App. 544 (1) (191 SE2d 448).

"[S]ince the purpose of the commitment hearing is to determine whether there is probable cause to hold the accused for trial (Code § 27-407), the subsequent indictment, trial, and conviction of the accused render the omission harmless." *Thrash v. Caldwell,* 229 Ga. 585 (1) (193 SE2d 605). "The trial court did not err in denying the motion to quash the indictment based on the ground that defendant was denied a committal hearing. The Supreme Court has held that the purpose of a committal hearing is simply to determine whether there is probable cause to believe the accused guilty of the crime charged, and if so, to bind him over for indictment by the grand jury. *Jackson v. State,* 225 Ga. 39, 42 (165 SE2d 711). They have also held that once an indictment has been returned, the necessity for a committal hearing has been eliminated. *Johnson v. Plunkett,* 215 Ga. 353 (3) (110 SE2d 745)." *Herring v. State,* 125 Ga. App. 770 (1) (189 SE2d 132).

"The appellant also claims that he was denied the right to a commitment hearing prior to his indictment by the Newton County Grand Jury. This court has held on numerous occasions that after indictment and subsequent conviction the lack of a commitment hearing

will not be construed as reversible error. See *Phillips v. Stynchcombe,* 231 Ga. 430 (202 SE2d 26); *Thrash v. Caldwell,* 229 Ga. 585 (193 SE2d 605); *Griffin v. Smith,* 228 Ga. 177 (184 SE2d 459)." *Wynn v. Caldwell,* 231 Ga. 763, 765 (3) (204 SE2d 143). Accord: *Allen v. Caldwell,* 231 Ga. 442 (1) (202 SE2d 35); *Jones v. Caldwell,* 230 Ga. 775 (1) (199 SE2d 248); *Brand v. Wofford,* 230 Ga. 750, 751 (2) (199 SE2d 231); *Atkins v. Martin,* 229 Ga. 815 (2) (194 SE2d 463); *Cline v. Smith,* 229 Ga. 190, 191 (1) (190 SE2d 51); *Burston v. Caldwell,* 228 Ga. 795, 797 (3) (187 SE2d 900); *Smith v. Brown,* 228 Ga. 584, 585-86 (187 SE2d 142); *Ballard v. Smith,* 225 Ga. 416, 419 (4) (169 SE2d 329); *Furman v. State,* 225 Ga. 253 (5) (167 SE2d 628); *Whisman v. State,* 223 Ga. 124 (153 SE2d 548); *Johnson v. State,* 126 Ga. App. 757, 761 (191 SE2d 614); *Heard v. State,* 126 Ga. App. 62, 64 (1) (189 SE2d 895); *Dukes v. State,* 109 Ga. App. 825, 826 (1) (137 SE2d 532); *Blake v. State,* 109 Ga. App. 636, 641 (2) (137 SE2d 49).

2. The trial court did not express an opinion as to the guilt of defendant by charging, "In other words, you will determine at this time, and consider only the question, is the defendant guilty?"

*Judgment affirmed. Pannell, P. J., concurs. Evans, J., concurs specially.*

SUBMITTED SEPTEMBER 3, 1974 — DECIDED SEPTEMBER 24, 1974.

*Elsie H. Griner,* for appellant.
*Dewey Hayes, District Attorney,* for appellee.

EVANS, Judge, concurring specially.

After both the state and defendant had closed all evidence, defendant moved to dismiss the indictment on the ground that he had not been given a commitment hearing. I concur fully in the pronouncements by the majority, and add thereto as follows: This was much too late to make the motion, and defendant had waived same by pleading to the merits (not guilty) without raising this question.

This is nothing more than an effort to file a special plea in bar to the indictment, and "if such pleas are not made preliminary to the trial they are held to be waived in contemplation of law," as is held in *Jones v. Mills,* 216 Ga. 616, at 618 (118 SE2d 484). In *Bryant v. State,* 224 Ga. 235 (161 SE2d 312), this identical motion was made *at the close of the evidence* (never given a committal hearing) and the Supreme Court of Georgia holds: ". . . we treat them (motions to quash) as being pleas in abatement or a special plea in bar. Regardless of how these motions are designated, such motion must be made in writing upon the defendant's being arraigned. Code § 27-1501. Where such motions are not made at the proper time, they are deemed to have been waived."

In the *Bryant* case, supra, counsel for defendant was the identical counsel for appellant in the case sub judice. Obviously she was not impressed with the correctness of the full-bench decision in the *Bryant* case, as she makes the identical motion at the identical (close of all evidence) time again.