## 55975. SHIELDS v. THE STATE.

McMURRAY, Judge.

Defendant was indicted and tried for murder. He was convicted of voluntary manslaughter and sentenced to serve a term of nine years as determined by the jury in 1971. In *Shields v. State,* 126 Ga. App. 544 (191 SE2d 448), his conviction and sentence were reversed. He was retried and again convicted of voluntary manslaughter, the jury this time fixing his sentence at 17 years (in 1972). Defendant, as an indigent, filed a motion for new trial which was denied and he appealed pro se. However, this appeal was withdrawn. The public defender was then appointed to prosecute his appeal, and defendant now appeals (out of time) his conviction and sentence. *Held:*

1. Following an argument by the defendant and his girlfriend, the victim (the girlfriend's sister), who had been in the midst of the argument, was killed when defendant fired a gun causing her death. The jury resolved the issues as to whether the killing was an accident or the result of sudden passion. The evidence was sufficient to support the verdict. *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131) and cits.

2. In charging on accident, defendant contends the trial court commented on the evidence by stating an opinion that the defendant pointed a pistol at the victim. However, in viewing the charge in its entire context, the court merely declared the applicable law to a given state of facts and did not express an opinion as to the evidence. *Coleman v. State,* 137 Ga. App. 689 (4) (224 SE2d 878); *Doyle v. State,* 144 Ga. App. 827 (243 SE2d 92).

3. The next complaint is to a charge by the court that a material element of manslaughter is an "intent to kill." If a homicide is "neither justifiable nor malicious, it is manslaughter, and, if intentional, it is voluntary manslaughter. *Davis v. State,* 68 Ga. App. 296 (2) (22 SE2d 762)." *Gainey v. State,* 132 Ga. App. 870 (1) (209 SE2d 687); *Spradlin v. State,* 90 Ga. App. 97, 103 (82 SE2d 238). The charge is not subject to the attack that it is erroneous, ambiguous, misleading and vague.

4. In charging on the affirmative defense of accident, defendant contends the charge was misleading, vague,

erroneous and impermissibly burden shifting. Even if this charge be one of those disapproved in *State v. Moore,* 237 Ga. 269 (227 SE2d 241) (1976), this trial was held in 1972, before the effective date of the application of *Moore,* and it does not apply here. Compare *Chandle v. State,* 230 Ga. 574, 576 (3) (198 SE2d 289). However, we do not consider it to be a burden shifting charge or subject to the attacks of being vague, misleading or erroneous.

5. Defendant's next complaint is that the state was allowed to argue the cause of death, yet he was not allowed to argue that death could have been from other causes. There seems to be a lack of clear evidence of any other symptom from which the victim died other than the gunshot wound, although defendant was arguing as to the victim contracting pneumonia and "psudomonis" (pseudomonas). But in any event, there was no clear abuse of discretion by the trial court limiting argument as to alleged negligent treatment in the hospital. Hence, we see no harmful error which would require reversal. *Wisdom v. State,* 234 Ga. 650-655 (217 SE2d 244); *Marshall v. State,* 239 Ga. 101, 104 (3) (236 SE2d 58).

6. When a jury imposes a higher sentence on re-conviction this is not a violation of due process so long as the jury was not informed of the prior sentence. Chaffin v. Stynchcombe, 412 U. S. 17 (93 SC 1977, 36 LE2d 714) (1973) (a Georgia case); *Rozier v. State,* 126 Ga. App. 336 (2) (190 SE2d 627).

7. The court did not err in its charge concerning the credibility of witnesses, including the defendant who testified and who is interested in the results of the prosecution. *Hudson v. State,* 108 Ga. App. 192, 199 (4) (132 SE2d 508). See *Johns v. State,* 239 Ga. 681, 684 (4) (238 SE2d 372); *Walker v. State,* 132 Ga. App. 274, 278 (5) (208 SE2d 5); *Blair v. State,* 144 Ga. App. 118, 119 (4) (240 SE2d 319). We find no harmful error in considering the entire charge. We cannot hold it was tantamount to a charge that defendant perjured himself on the witness stand.

8. Having considered each and every enumeration of error argued by defendant and finding no harmful error, we must affirm the judgment.

*Judgment affirmed. Quillian, P. J., and Webb, J.,*

98

*concur.*

Submitted June 7, 1978 — Decided September 6, 1978.

*Stephen M. Friedberg,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Assistant District Attorneys,* for appellee.