441 F.2d 560
 EXHIBITORS POSTER EXCHANGE, INC., Plaintiff-Appellant,
v.
NATIONAL SCREEN SERVICE CORPORATION et al., Defendants-Appellees.
No. 30886 Summary Calendar.*
*Rule 18, 5 Cir. See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 April 30, 1971, Rehearing Denied and Rehearing En Banc
Denied June 11, 1971.
 
 C. Ellis Henican, Jr., Henican, James & Cleveland, New Orleans, La., Glenn B. Hester, Sanders, Hester, Holley, Ashmore & Boozer, Augusta, Ga., Francis T. Anderson, Yeadon, Pa., for plaintiff-appellant.
 Phillip A. Wittmann, William D. Treeby, Gibbons Burke, Chaffe, McCall, Phillips, Burke, Toler & Sarpy, New Orleans, La., Walter S. Beck, Louis Nizer, Phillips, Nizer, Benjamin, Krim & Ballon, New York City, Leon Jaworski, Stephen D. Susman, Fulbright, Crooker, Freeman, Bates & Jaworski, Hoston, Tex., for defendants-appellees.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Exhibitors Poster Exchange, Inc., appeals from the District Court's denial of its motion for a preliminary injunction. Exhibitors contends that the District Court abused its discretion in refusing to grant the mandatory relief for which it prayed. We affirm.
 
 
 2
 In its motion for entry of a preliminary injunction, Exhibitors averred: (1) that National Screen Service Corporation had acquired most of Exhibitors' previous customers since March 1, 1963; (2) that Exhibitors could regain a substantial number of its lost customers if it could resume full-scale operation of its business; (3) that unless full-scale operation resumed immediately, Exhibitors probably could not regain a sufficient number of customers to ensure successful pursuit of its business; (4) that National Screen was conspiring to prevent Exhibitors from resuming fullscale operation of its business. Exhibitors prayed for a mandatory preliminary injunction to enjoin National Screen 'from continuing to refuse to sell (Exhibitors) supplies of standard motion picture advertising posters pending the trial' on the merits.
 
 
 3
 Refusing to grant such injunctive relief, the District Court concluded that Exhibitors had failed to show a likelihood of success on the merits or of irreparable injury. Furthermore, the court opined that Exhibitors, having acquiesced for the last five years in the acts of National Screen, was precluded from seeking a mandatory injunction. However, although it denied Exhibitors' motion for the preliminary injunction, the District Court considered the case of such nature that it should be set for trial as soon as possible.
 
 
 4
 The purpose of a preliminary injunction is to preserve the status quo and thus prevent irreparable harm until the respective rights of the parties can be ascertained during a trial on the merits. Miami Beach Federal Savings & Loan Ass'n v. Callander, 5 Cir. 1958, 256 F.2d 410, 415; accord, Quon v. Stans, N.D.Cal.1970, 309 F.Supp. 604, 607 & n. 3. The decision whether or not a preliminary injunction will issue lies within the sound discretion of the trial court. Leu v. American Fidelity Life Insurance Co., 5 Cir. 1970, 430 F.2d 672, quoting Tatum v. Blacktock, 5 Cir. 1963, 319 F.2d 397, 401-402; see Arco Fuel Oil Co. v. Atlantic Richfield Co., 2 Cir. 1970, 427 F.2d 517, 519. Nevertheless, when a plaintiff applies for a mandatory preliminary injunction, such relief 'should not be granted except in rare instances in which the facts and law are clearly in favor of the moving party.' Miami Beach Federal Savings & Loan Ass'n v. Callander,supra, 256 F.2d at 415. See also CORE v. Douglas, 5 Cir. 1963, 318 F.2d 95, 97.
 
 
 5
 We perceive no abuse of discretion in the District Court's denial of Exhibitors' motion for a preliminary injunction. It is manifest that Exhibitors has not sustained its heavy burden of proof in this instance.[1]
 
 
 6
 Affirmed.
 
 
 7
 ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC
 
 PER CURIAM:
 
 8
 The Petition for Rehearing filed on behalf of Exhibitors Poster Exchange, Inc. is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Rpocedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.
 
 
 
 [1]
 We decline the invitation of National Screen to broaden the scope of the issue on appeal