Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

**Lee LANE, PMB #60120, Petitioner-Appellant,**

v.

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary, Respondent-Appellee.**

No. 73-1417

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 6, 1973.

PER CURIAM:

Lee Lane, a prisoner of the State of Louisiana, has appealed from the district court's denial of his petition for habeas corpus relief. We reverse the ruling below, and remand the cause for further proceedings.

The appellant received a life sentence on his plea of guilty on May 17, 1963, in the 20th Judicial District Court of Louisiana. Lane was not represented by counsel at plea; the minutes of the court recite that he then was indigent but waived the assistance of counsel. No direct appeal was taken from the judgment. The record shows that Lane has, however, exhaused his available state remedies on the grounds presented in these proceedings. See State ex rel. Lane v. Henderson, La.1972, 263 La. 100, 267 So.2d 209.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York    et al., 5 Cir. 1970, 431 F.2d 409, Part I.

The appellant contends that he did not knowingly and understandingly waive the assistance of counsel in his defense. The district court denied habeas relief on the basis of the record without conducting an evidentiary hearing. Included in that record is the transcript of the state court evidentiary hearing and a certified copy of the minutes of the judge who accepted the plea, but who no longer is serving on the court. It appears that the plea proceedings were not stenographically recorded by the court reporter and thus no transcript thereof is available.

After careful consideration we have concluded that the state court hearing was not enough to resolve the issue as to waiver of counsel prior to the plea. Lane was unrepresented by counsel at his state habeas evidentiary hearing. See 28 U.S.C. § 2254(d)(5). His testimony at that hearing was ambiguous at best and the questions of the court and state's attorney did not serve to clarify it in several important particulars. No other witness testified at the state habeas hearing. The only evidence introduced on the state's behalf was a copy of the minutes at plea. No certificate or affidavit from the original trial judge was presented.

We hold that the state court's evidentiary hearing was not so "full and fair" that the district court could safely accept its findings and conclusions as being correct. See 28 U.S.C. § 2254(d); Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; Hunter v. Swenson, 8 Cir. 1971, 442 F.2d 625, cert. den. 404 U.S. 863, 92 S.Ct. 76, 30 L.Ed. 2d 107; O'Neal v. Smith, 5 Cir. 1969, 413 F.2d 269; Fortner v. Balkcom, 5 Cir. 1967, 380 F.2d 816. Accordingly, we reverse the judgment below and remand the cause for further proceedings, including an evidentiary hearing at which Lane should have counsel appointed to represent him, if he so desires.

Reversed and remanded, with directions.