Johnny HARRIS, Plaintiff-Appellant,

v.

Harry J. WILTERS, Jr., Individually and as Circuit Judge of the Twenty-Eighth Judicial Circuit, Baldwin County, Alabama, et al., Defendants-Appellees.

No. 78–2706

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 8, 1979.

Crawford, Blacksher, Figures & Brown, Mobile, Ala., W. Clinton Brown, Jr., Decater, Ala., H. Diana Hicks, Mobile, Ala., William H. Allison, Jr., Louisville, Ky., for plaintiff-appellant.

William J. Baxley, Atty. Gen., J. Bernard Brannan, Jr., Larry R. Newman, Paul E. Johnson, Asst. Attys. Gen., Montgomery, Ala., for defendants-appellees.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

The issue presented for review is quite narrow: Did the trial court abuse its discre-

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co., of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

tion in denying appellant's motion for a mandatory preliminary injunction ordering the state to provide appellant with funds to prosecute a coram nobis proceeding in state court? We hold that the trial court did not abuse its discretion. It is necessary to relate the somewhat complicated procedural history of this case in order to facilitate an understanding of this opinion. Appellant, a black indigent Alabama prisoner, was sentenced to five life sentences in 1971, pursuant to guilty pleas entered on one charge of rape and four charges of robbery. He was incarcerated in Atmore Prison. On January 18, 1974, a prison rebellion occurred at Atmore, resulting in a prison guard and a prisoner being stabbed to death. Appellant was convicted of the murder of the prison guard by an all-white male jury and sentenced to death. The Alabama Supreme Court affirmed his conviction. *Harris v. State,* 352 So.2d 479 (Ala.1977).

After the Alabama Supreme Court's affirmance, appellant's execution was scheduled for March 10, 1978. The Alabama courts denied a stay of execution. On March 1, 1978, appellant then filed two petitions for habeas corpus in the United States District Court for the Southern District of Alabama. The first of these, *Harris v. Oliver et al.,* Civ. Action 78–109–P, challenged the constitutionality of appellant's 1975 Baldwin County conviction and death sentence. Judge Pittman granted appellant a stay of execution on March 7, 1978, and stayed further federal proceedings until appellant exhausted his state remedies in a coram nobis action filed in the Baldwin County Circuit Court. The second petition for habeas corpus challenged appellant's 1971 conviction. Judge Pittman entered an order on March 7, 1978, transferring the second federal habeas action, *Harris v. Oliver,* Civ. Action No. 78–110–P, to the United States District Court for the Northern District of Alabama, since this was the district in which the state court which convicted and sentenced appellant in 1971 was located. On May 8, 1978, Judge Allgood in the Northern District stayed the proceeding pending exhaustion of state remedies.

On March 3, 1978, appellant filed a coram nobis petition in the Baldwin County Circuit Court, *Harris v. State of Alabama,* No. 6699, in which he challenged his 1975 conviction on several constitutional grounds. On the same day the coram nobis petition was filed, appellant filed a motion for appointment of counsel. On March 22, appellant filed a motion for funds to pay his attorneys and for investigation and trial preparation. Ala.Code § 15–12–23 (1975), the statute under which appellant's attorneys were appointed, makes no provision for payment of expenses beyond an hourly attorney's fee and sets a $300 limit thereon. Following a hearing, the state court judge, appellee Wilters, denied the motion for funds. Evidence on the merits of appellant's claims was received, commencing with a hearing on June 20, 1978. The parties submitted post-hearing briefs on September 15, 1978. An amended petition for writ of error coram nobis was filed on February 23, 1979. The case is now *sub judice* in the Baldwin County Circuit Court.

On May 1, 1978, appellant filed the instant § 1983 action, seeking injunctive and declaratory relief. Appellant asserted four grounds upon which he urges the state must provide funds with which to pay counsel, investigative and litigation expenses and expert witnesses in the coram nobis proceeding: (1) under the equal protection clause, relief from his convictions cannot depend on his financial resources; (2) under the Equal Protection clause, a condemned defendant may not be forestalled from raising substantive claims that could save his life simply because he is indigent; (3) denial of such funds violates his Sixth and Fourteenth Amendment right to effective assistance of counsel because a post-conviction proceeding in a death case is a "critical stage" of the criminal process; and (4) the denial of funds violates his Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment, in that execution by electrocution without a full and fair determination of his claims violates those rights. Appellant also moved for a mandatory preliminary injunction ordering such relief in the Baldwin County coram

nobis proceeding. After receiving evidence and hearing oral arguments, the court denied the motion for a mandatory preliminary injunction. The district court has not yet ruled on appellant's request for declaratory relief.

■ We emphasize again that the only question before us is whether the district court abused its discretion in denying the motion for a mandatory preliminary injunction. Only in rare instances is the issuance of a mandatory preliminary injunction proper. *Exhibitors Poster Exchange, Inc. v. National Screen Service Corp.*, 441 F.2d 560 (5th Cir. 1971). The denial of such a remedy will not be reversed on appeal except for an abuse of discretion. *Id. See Ruiz v. Estelle*, 550 F.2d 238 (5th Cir. 1977). In order to obtain a preliminary injunction, the movant must show: "(1) a substantial likelihood that [he] will prevail on the merits, (2) a substantial threat that [he] will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to [him] outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest." *Canal Authority v. Gallaway*, 489 F.2d 567, 572 (5th Cir. 1974). *Accord, Hillsboro News Co. v. Tampa*, 544 F.2d 860 (5th Cir. 1977).

■ The district court was correct in refusing to issue the injunction, since appellant has failed to meet at least two of the foregoing criteria. First, although we do not mean to minimize the seriousness of appellant's impending execution, appellant has not shown a probability of irreparable injury. The district court, in issuing the declaratory judgment to which this injunction is pendente lite, may yet rule that Alabama must provide the funds requested. In the interim, appellant's execution continues to be stayed by Judge Pittman's order stemming from the federal habeas corpus action challenging the 1975 conviction. In addition, appellant's challenges to his 1971 and 1975 convictions are still pending in federal court. Finally, the Baldwin County Circuit Court has not yet ruled on the merits of appellant's coram nobis petition and appellant has been represented by counsel throughout the proceedings.[1] There are simply too many avenues of relief (on the merits and in obtaining assistance) available to appellant for us to hold that a denial of the preliminary injunction would subject appellant to irreparable injury. Second, although we need not rule on abstention grounds, we cannot fail to note that granting the preliminary injunction would seriously implicate considerations of federalism. *See Gibson v. Jackson*, 578 F.2d 1045 (5th Cir. 1978).[2]

Accordingly, the decision of the district court is AFFIRMED.

■

---

1. Indeed, appellees argue that appellant's claim is moot since thus far he has been able effectively to prosecute his coram nobis petition. If for no other reason than that the coram nobis petition is still under consideration, we cannot go so far as to hold that the case is moot. This is not to say, however, that, in determining whether a preliminary injunction should issue, we must close our eyes to the fact that some members of the bar have freely assisted appellant in his case.

2. In *Gibson*, we ordered the district court to abstain from issuing a declaratory judgment in a situation procedurally different from this case. The procedural difference is that the *Gibson* court was reviewing the district court's grant of a declaratory judgment on the merits, whereas in this case we are reviewing the denial of an injunction preliminary to the issuance of a declaratory judgment on the merits. There was also a factual difference: in *Gibson* the state trial court had not ruled on the motion; here the motion has been denied in the court of first instance but that ruling is still subject to appeal.