# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 24, 2012

Lyle W. Cayce
Clerk

No. 12-40104
Summary Calendar

JAMES BELL MCCOY, SR.,

Plaintiff-Appellant

v.

PAM PACE; Practice Manager; DR. LANETTE LINTHICUM, Director Texas Department of Criminal Justice Medical Services; OWEN MURRAY, University of Texas Medical Branch Policy Director,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:11-CV-503

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

James Bell McCoy, Sr., Texas prisoner # 1299701, appeals the dismissal under 28 U.S.C. § 1915A(b)(1) of his civil rights suit, in which he alleged that the defendants were deliberately indifferent to his serious medical needs because they implemented or condoned policies that caused routine delays to refills of his prescriptions, which he took for acid reflux, allergies, and back pain. Review of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the dismissal under § 1915A is de novo, and McCoy's allegations are assumed to be true. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007).

McCoy argues that the district court erred in assigning the case to a magistrate judge (MJ) when he did not consent to having his case administered by the same, and that the MJ erred by holding an evidentiary hearing, when he had requested a jury trial.

A district court judge may designate a MJ to conduct evidentiary hearings and to propose findings of fact and recommendations for disposition of prisoner petitions challenging conditions of confinement. 28 U.S.C. 636(b)(1)(B). In prisoner civil rights cases, a MJ may conduct a *Spears* hearing, which "is in the nature of a motion for more definite statement." *Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990) (internal quotation marks and citation omitted). A prisoner does not have to consent to a *Spears* hearing. *Carbe v. Lappin*, 492 F.3d 325, 327 (5th Cir. 2007). Here, the MJ did not enter judgment, but merely made a report and recommendation pursuant to § 636(b)(1)(B). McCoy has not shown error with assignment of his case to an MJ for a *Spears* hearing. Further, McCoy was not entitled to a jury trial once it was determined that he failed to state a claim on which relief could be granted and that his claim was frivolous. *See Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985).

McCoy also argues that the district court erred in dismissing his deliberate indifference claim. He contends that he demonstrated a serious medical need for his medication because the treatment had been recommended by his physicians and he suffers pain when his prescriptions are delayed. McCoy argues that the culpability of the defendants was demonstrated by their policies and practices of regularly delaying his medications, despite his having lodged numerous administrative complaints on the matter.

McCoy's allegation that the defendants failed to see that he got his prescriptions without any lapses, accepted as true, fails to state a claim. The prisoner must "submit evidence that prison officials refused to treat him, ignored

his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted). Further, a delay in treatment does not violate the Eighth Amendment unless the defendants were deliberately indifferent to a serious medical need *and* their indifference resulted in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Even after the *Spears* hearing, McCoy had not alleged facts that would support a finding that he has suffered substantial harm as a result of the defendants' deliberate indifference. Dismissal was therefore proper. *See Berry v. Brady*, 192 F.3d 504, 507-09 (5th Cir. 1999).

Last, McCoy argues that the district court erred in denying his motion for a temporary restraining order or a preliminary injunction to ensure that he timely received his medications. To obtain a preliminary injunction, McCoy was required to show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury outweighs any damage to the defendant; and (4) that the injunction would be in the public interest. *Harris v. Wilters*, 596 F.2d 678, 680 (5th Cir. 1979). McCoy had not shown that he would likely succeed in his civil rights suit or that he was facing a substantial threat of irreparable injury. The district court did not abuse its discretion in denying McCoy's motion for a preliminary injunction.

McCoy proceeded in forma pauperis in two prior actions in which the district court dismissed his complaints as frivolous. *McCoy v. Wade*, 3:05-CV-2096-P (N.D. Tex. 2006); *McCoy v. Fitzsimmons,* 3:08-CV-0061-N (N.D. Tex. 2008). Since McCoy's complaint did not present any non-frivolous issues, he has accumulated his third strike under 28 U.S.C. § 1915(g). Except for cases involving an imminent danger of serious physical injury, McCoy is barred under § 1915(g) from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated. *See Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir.

No. 12-40104

2009).  He may proceed in subsequent civil cases under the fee provisions of 28 U.S.C. §§ 1911–14.

AFFIRMED; 28 U.S.C. § 1915(g) BAR IMPOSED..